**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASCENCION ORTEGA-GAMBOA, | No. 05-75813 |
| Petitioner, | Agency No. A072-671-674 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 12, 2010
Submission vacated April 5, 2010
Resubmitted July 19, 2010
San Francisco, California

Before: B. FLETCHER, CLIFTON and BEA, Circuit Judges.

Ascencion Ortega-Gamboa, a native and citizen of Mexico, petitions for

review of a decision by the Board of Immigration Appeals ("BIA"), affirming an

order by the Immigration Judge ("IJ") that denied Petitioner's application for

suspension of deportation, asylum, withholding of removal, relief under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Convention Against Torture ("CAT"), and voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We deny the petition in part as to Petitioner's application for suspension of deportation, and grant the petition in part.

The IJ denied Petitioner's application for suspension of deportation in 1999 because he failed to prove he was in the United States for seven continuous years before being served with the order to show cause. Petitioner contends the order to show cause was legally invalid and therefore could not have stopped his accrual of time. The order to show cause was legally valid even though it did not contain the date, time, and place of the hearing to be held because this information was sent separately to the same address. Sending the hearing information in a later, separate notice does not invalidate the original order to show cause. *See Popa v. Holder*, 571 F.3d 890, 892–93 (9th Cir. 2009) (notice to appear); *Chaidez v. Gonzales*, 486 F.3d 1079, 1083 (9th Cir. 2007) (order to show cause).

The order to show cause was also valid even though it was served by certified mail and signed for by Petitioner's wife, rather than Petitioner himself. Service of an order to show cause is effective if sent by certified mail and the return receipt is signed by a responsible person at the alien's address. *Chaidez*, 486 F.3d at 1083–86. Petitioner does not claim his wife is not a responsible person. Once the order to show cause was sent by certified mail to Petitioner's last

2

known address and signed for by his wife, such service stopped Petitioner's accrual of time to fulfill the requirement that he have been physically present in the United States for seven years to qualify for suspension of deportation. *Ram v. INS*, 243 F.3d 510, 518 (9th Cir. 2001). Thus, the IJ correctly denied Petitioner's application for suspension of deportation because he did not have the requisite period of physical presence in the United States. That a previous IJ, who heard Petitioner's case before Petitioner was granted a change in venue, personally served Petitioner with the order to show cause as a precautionary measure, does not mean that the original order to show cause sent by certified mail was invalid. Taking an extra precaution by having Petitioner personally served in court, after hearing from Petitioner that he did not personally receive the order sent through certified mail, is not the same as finding that service of the original order to show cause was invalid. That some wear a belt and suspenders does not prove the inadequacy of either to hold up the pants, but only the cautious nature of the person wearing the pants.

The BIA denied Petitioner's applications for asylum, withholding, and CAT relief based on Petitioner's failure to provide timely fingerprints. The BIA, however, did not have the benefit of our intervening decision in *Cui v. Mukasey*, 538 F.3d 1289 (9th Cir. 2008), which held that refusing to continue proceedings

3

for fingerprint processing *may* be an abuse of discretion.  We therefore remand for the BIA to reconsider its denial Petitioner's applications for asylum, withholding, and CAT relief in light of *Cui*.

We also remand for the BIA to reconsider the merits of Petitioner's claims for asylum, withholding and CAT relief because the BIA's analysis of the merits of Petitioner's claims was insufficient under *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008) (remanding due to the BIA's failure determine which party bears the burden of proving whether the petitioner could safely relocate within his country of origin to avoid persecution).

The BIA also failed to address Petitioner's request for voluntary departure, and the IJ's denial of voluntary departure was unexplained.  If it becomes relevant, the BIA should determine whether to grant voluntary departure. Each party shall bear its own costs.

**PETITION DENIED IN PART AND GRANTED IN PART.**